IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EYETALK365, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CPI SECURITY SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 3:14-cv-526 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Complaint against Defendant CPI Security Systems, Inc. ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2. Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane, Cornelius, North Carolina 28031.

3. Upon information and belief, Defendant CPI Security Systems, Inc. is a corporation organized under the laws of the State of North Carolina with its principal place of business at 4200 Sandy Porter Road, Charlotte, North Carolina 28273.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the North Carolina Long-Arm Statute, due to its substantial business in this forum, including acts constituting direct infringement as alleged herein occurring within this forum.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,139,098

8. The allegations set forth in the foregoing paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9. On March 20, 2012, United States Patent No. 8,139,098 (the "'098 Patent"), entitled "Video Communication Method For Receiving Person At Entrance," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '098 Patent is attached as Exhibit A to this Complaint.

10. Eyetalk is the assignee and owner of the right, title and interest in and to the '098 Patent, including the right to assert all causes of action arising under the '098 Patent and the right to any remedies for infringement.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '098 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that perform the steps of detecting a presence of a person at an entrance, transmitting video of the person at the entrance using a camera located proximate to the entrance, and providing a graphic user interface to a remote peripheral device where a user of the remote peripheral device can view the video of the person at the entrance as claimed in at least claim 1 of the '098 Patent, without the authority of Eyetalk.

12. Defendant has knowledge of the '098 Patent since at least filing of this Complaint.

13. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,144,184

14. The allegations set forth in the foregoing paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

15. On March 27, 2012, United States Patent No. 8,144,184 (the "'184 Patent"), entitled "Detection And Viewing System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '184 Patent is attached as Exhibit B to this Complaint.

16. Eyetalk is the assignee and owner of the right, title and interest in and to the '184 Patent, including the right to assert all causes of action arising under the '184 Patent and the right to any remedies for infringement.

17. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '184 Patent by making, using, offering for sale, selling, and/or importing systems in the United States, including within this judicial district, that consist of a wireless device including a camera associated with a door and configured to communicate video data; a sensor for activating the camera; a plurality of peripheral devices associated with a user; a computer configured for communication with the wireless device and each of the peripheral devices, where video data from the wireless device is received by the computer upon actuation of the sensor; and a graphical user interface is provided through which the video data from the wireless device is accessible by a user on a peripheral

device, such as, without limitation, the InTouch Home System, as claimed in at least claim 1 of the '184 Patent, without the authority of Eyetalk.

18. Defendant has knowledge of the '184 Patent since at least filing of this Complaint.

19. Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A. An adjudication that Defendant has infringed the '098 and '184 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '098 and '184 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated: September 22, 2014                WISHART NORRIS, P.A.

/s/David C. Boggs
David C. Boggs, NCSB# 8182
david.boggs@wishartnorris.com
June K. Allison, NCSB # 9673
june.allison@wishartnorris.com
6832 Morrison Boulevard
Charlotte, North Carolina 28211
Telephone: 704-364-0010
Facsimile: 704-364-0569

/s/Pamela S. Duffy
Pamela S. Duffy, NCSB # 18329
Pam.duffy@wishartnorris.com
3120 S. Church Street
Burlington, North Carolina 27215
Telephone: 336-584-3388
Facsimile: 336-584-3994

*Attorneys for Plaintiff*